Charles COSTA et al., Plaintiffs,

v.

BLUEGRASS TURF SERVICE, INC., et al., Defendants.

Civ. A. No. 75–49.

United States District Court,
E. D. Kentucky,
Covington Division.

Nov. 24, 1975.

Jerry F. Venn, Cincinnati, Ohio, Robert E. Wohlwender, Covington, Ky., for plaintiffs.

Guy C. Shearer, Asst. Atty. Gen., Frankfort, Ky., for defendants.

R. Coleman Endicott, Lexington, Ky., for Alcoholic Beverage Control Bd.

OPINION

Before LIVELY, Circuit Judge, and MOYNAHAN and HERMANSDORFER, District Judges.

PER CURIAM.

This action is brought under the provisions of 42 U.S.C. § 1983 for declaratory and injunctive relief on the assertion that Kentucky Revised Statute (KRS) 244.090(1)(c) is unconstitutional. The issues presented have been extensively briefed and oral arguments were heard on September 11, 1975.

Plaintiffs are citizens and residents of the State of Ohio, and are employed by the defendant Bluegrass Turf Service, Inc. (Bluegrass) in the operation of various concessions at the Latonia Race Course, Florence, Kentucky. On or about August 29, 1975, agents of the Alcoholic Beverage Control Board, an administrative agency of the Commonwealth, KRS 241.015 et seq., informed defendant Bluegrass that it could not continue to employ plaintiffs because employment of non-residents of Kentucky would be violative of KRS 244.090(1)(c). Each plaintiff was notified that, as a consequence, their employment relationship would be terminated with Bluegrass as of September 3, 1975. This action was filed in anticipation of plaintiffs' discharge from Bluegrass' employment in Kentucky as a result of state action.

The questioned statute, KRS 244.090(1)(c), reads as follows:

"244.090 Persons whom licensees may not employ.

"(1) No person holding any license under KRS 243.020 to 243.670 shall knowingly employ in connection with his business in any capacity whatsoever, any person who:

\* \* \* \* \* \*

"(c) Is not a citizen of the United States or has not had an actual bona fide residence in this Commonwealth for at least one (1) year next before the date of his employment, provided that the above residence requirement shall not apply to persons employed by distillers, brewers, operators of dining cars or transporters engaged in interstate commerce. . . ."

The thrust of plaintiffs' claim is that the statute, at least as it was sought to be applied in this instance, violates their rights under the Equal Protection Clause by infringing their right to interstate travel, a fundamental constitutional right which may not be infringed in the absence of a compelling state interest. We agree.

The federal courts have long recognized that the very nature of the Federal Union and the constitutional precepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules or regulations which unreasonably burden or restrict movement: this proposition was advanced by Mr. Chief Justice Taney in the *Passenger Cases (Smith v. Turner)*, 7 How. 283, 492, 12 L.Ed. 702 (1849):

"For all the great purposes for which the Federal government was formed, we are one people, with one common country. We are all citizens of the United States; and, as members of the same community, just have the right to pass and repass through every part of it without interruption, as freely as in our States."

The source of this right has not been ascribed to any particular constitutional provision. In *United States v. Guest*, 383 U.S. 745, 757–758, 86 S.Ct. 1170, 1178, 16 L.Ed.2d 239 (1966), the Court, in reaffirming its recognition of that right, wrote:

". . . [T]hat right finds no explicit mention in the Constitution. The reason, it has been suggested, is that a right so elementary was conceived from the beginning to be a necessary concomitant of the stronger union the Constitution created. In any event, freedom to travel throughout the United States has long been recognized as a basic right under the Constitution. . . ."

State statutes imposing durational residency requirements, i. e., one year, were invalidated when imposed as a qualification for welfare payments, *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22

L.Ed.2d 600 (1969); for voting, *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); and for medical care, *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). But none of these cases held or even intimated that the states might never impose durational residency requirements and such a proposition was, in fact, expressly disclaimed. *Shapiro, supra*, 394 U.S. at 638, n. 21, 89 S.Ct. 1322; *Maricopa County, supra* 415 U.S. at 258–259, 94 S.Ct. 1076.

■ Durational residence laws must be measured by a strict equal protection test: unless the state can demonstrate that such laws are necessary to promote a compelling governmental interest, they are subject to attack as constitutionally impermissible. *Dunn, supra* 405 U.S. at 342, 92 S.Ct. 995; *Shapiro, supra* 394 U.S. at 634, 89 S.Ct. 1322; *Kramer v. Union Free School District*, 395 U.S. 621, 627, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969). The asserted purpose of the state underlying such laws is to be carefully scrutinized; the burden of justification is on the state. *Dunn, supra* 405 U.S. at 343, 92 S.Ct. 995.

■ The employer in this action does not attempt to meet this burden. The remaining defendants contend that the bona fide and durational residency requirements further a legitimate state interest in the control and sale of alcoholic beverages as recognized by the Twenty-First Amendment. This argument must be rejected. First, it is not sufficient for the state to show that these durational residency requirements merely further a substantial state interest. *Dunn, supra* at 343, 92 S.Ct. 995. Secondly, although the broad sweep Twenty-First Amendment has been recognized as conferring something more than normal state authority over public health, welfare, or morals, it is equally well recognized that said Amendment does not supersede all provisions of the United States Constitution in the area of liquor violations. *California v. LaRue*, 409 U.S. 109, 114–115, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Wisconsin v. Con-*

*stantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Finally, the Commonwealth has failed to provide any basis for determining that its interests in public health, welfare or morals can only be served through imposition of the durational residency requirements, considering the available rational alternatives, particularly where that state interest is implemented in terms impairing plaintiffs' desire to exercise their right of travel for purposes of legitimate continuing employment with their existing employer. Cf. *Sosna v. Iowa*, 419 U.S. 393, 404–410, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

■ There is, of course, a recognized difference between bona fide and durational residency requirements. The latter, where an individual is required by statute to maintain a residence for a specific period, e. g., one year, is subjected to the strict "compelling governmental interests" equal protection test. On the other hand, the former, which merely contemplates establishment of a residence in fact, is to be judicially scrutinized under the less stringent standard, the "traditional" test wherein the challenged classification is examined to ascertain whether it has a rational nexus with a valid legislative purpose. The Supreme Court has in the past noted approvingly that the states have the power to require that voters be bona fide residents of the relevant political subdivision. These requirements have been approved, where appropriately defined and uniformly applied, as being necessary to preserve the basic conception of a political community and, thus, could withstand close constitutional scrutiny. *Dunn, supra*, 405 U.S. at 343–344, 92 S.Ct. 995. A state legislature may deal with a particular problem as it sees fit so long as there is a rational relationship between the state purpose being served and any classifications created in achieving that purpose. *Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). A statutory discrimination will not be set aside if any state of facts rationally may be con-

ceived to support it. *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

The Commonwealth's attempt to justify the bona fide residence requirement of KRS 244.090(1)(c) is difficult to understand. The Attorney General argues that there is no such requirement, ignoring a previously issued opinion construing this statute rendered by his office, O.A.G. 71–161. He also argues that if such a requirement does indeed exist, that requirement bears a reasonable or rational relationship to a legitimate state interest. He concedes that one aspect of that interest—a need to insure that the employee has not violated a Kentucky liquor law in the past two years—has dubious merit as such an employee would have had little opportunity to do so. His second argument is that resident employees are more susceptible to service of process and more readily available for violation of the liquor laws than are non-residents. See: 45 Am.Jur.2d, Intoxicating Liquors, § 148. Thus, the Commonwealth's interest in requiring an employee to be a bona fide resident appears to be solely for administrative convenience.

▮ Prior decisions of the Supreme Court make it clear that although efficacious administration of governmental programs is not without some importance, the Constitution recognizes higher values than speed and efficiency. *Stanley v. Illinois*, 405 U.S. 645, 656, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Administrative convenience is not a factor of such dignity that its mere recitation dictates constitutionality. See: *Fronteria v. Richardson*, 411 U.S. 677, 690, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Shapiro, supra* ; *Carrington v. Rash*, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965). We, therefore, hold that pure administrative convenience, standing alone, is an insufficient basis for an enactment which, as applied to these plaintiffs, restricts the right of travel.

▮ It is suggested by the Commonwealth that this Court exercise the abstention doctrine and stay all proceedings until the issues presented here are brought to the attention of its courts. That doctrine contemplates deference to state court adjudication principally where the issue of state law is uncertain. If the state courts would be likely to construe the questioned statute in a fashion that would avoid the need for a federal constitutional ruling, the argument for abstention is strong. See: *Harris County Commissioner's Court v. Moore*, 420 U.S. 77, 84, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975); *Kusper v. Pontikes*, 414 U.S. 51, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973); *Lake Carriers' Assn. v. MacMullan*, 406 U.S. 498, 511, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *Constantineau, supra*, 400 U.S. at 438, 91 S.Ct. 507; *Harman v. Forssenius*, 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). In this regard the Commonwealth contends that *if* the statute were construed in terms of its legislative history, it would not require a durational or bona fide residency requirement as a prerequisite to employment where the employee was a citizen of the United States. The Attorney General concedes that there are no decisions or opinions rendered by his office so construing the statute. He further concedes that an opinion has been rendered on the precise question before this Court, holding the residency requirement to be constitutional. O.A.G. 71–161. Furthermore, the Court fails to see how the interpretation advanced by the Attorney General can be supported in view of the plain and unambiguous language of the statute. Accordingly, the suggestion that the abstention doctrine be invoked here is rejected. *Constantineau, supra* 400 U.S. at 439, 91 S.Ct. 507.

The Court has examined the remaining issues raised by defendants and concludes that they are so unsubstantial as to not require discussion.

A judgment shall this date be entered permanently enjoining the defendants in their official capacities from enforcing or attempting to enforce the provisions of KRS 244.090(1)(c) against these plaintiffs for failure to have satisfied the durational or bona fide residency requirements of that statute.